IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01533–KMT

PATRICIA HERNANDEZ,

    Plaintiff,

v.

PUEBLO COUNTY, DHS.,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendant Pueblo County, DHS's "Motion to Dismiss" (Doc. No. 15 [Mot.], filed October 24, 2029). Plaintiff filed her response on November 29, 2019 (Doc. No. 12 [Resp.]), and Defendant filed its reply on December 13, 2019 (Doc. No. 27 [Reply]).

### STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, filed her Complaint on July 30, 2019. (Doc. No. 1 [Compl].) Plaintiff asserts claims, pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et. seq.*, that the defendant discriminated against her on the basis of her disability. (*See id.*) Plaintiff alleges she has a permanent mental impairment that substantially limits one or more major life activities and that she is regarded by her employer as having an impairment. (*Id.* at 4.)

Plaintiff states she was employed as a Technician for Pueblo County, Department of Human Services ("DHS"). (*Id.*) On November 2, 2018, Plaintiff applied for an internal position as Legal Technician with Child Support Service division of DHS. (*Id.*) Plaintiff contends she was qualified and had five years of experience working with Child Support Services in El Paso County. (*Id.*) Plaintiff alleges she was the only candidate who applied for the Legal Technician position. (*Id.*) Plaintiff contends that when only one qualified applicant applies for a position, and if the applicant does not have a disqualifying action or performance improvement plan in place at the time of the job posting, the applicant should be awarded the position. (*Id.*) Despite being qualified for the position, Plaintiff was notified on December 27, 2018, that she was not selected to proceed in the hiring process. (*Id.*)

Defendant moves to dismiss the claims against it in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot.)

## STANDARDS OF REVIEW

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## B. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of

3

analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he or she "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or

prospective employer because of that disability." *Dwitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017) (internal quotation marks omitted).

### A. *Allegations Regarding Disability*

Defendant argues that Plaintiff has not pleaded sufficient factual allegations to support a claim that she was disabled. (Mot. at 3–5.)

A person is "disabled" under the ADA if she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "To satisfy this definition, a plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities." *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir.2011) (internal quotation marks omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510; *Twombly*, 550 U.S. at 570).

In *Poindexter v. Atchison, Topeka & Santa Fe Railway Co.*, 168 F.3d 1228, 1232 (10th Cir. 1999), the Tenth Circuit detailed a plaintiff's burden in order to prevail on the merits, rather than addressing what a plaintiff must include in his "short and plain statement of the claim" pursuant to Federal Rule of Procedure 8(a)(2). The *Poindexter* court made clear that "a plaintiff must articulate with precision the impairment alleged and the major life activity affected by that impairment." *Poindexter*, 168 F.3d at 1232. However, the court specifically cautioned that its holding did not affect federal pleading standards, stating that "[a] plaintiff has the option of

clarifying his or her position at the pleading stage or waiting until trial to prove with particularity the impairment and major life activity he or she asserts are at issue." *Id.*

Defendant argues, citing *Twitchell v. Hutton*, No. 10–CV–01939–WYD–KMT, 2011 WL 318827, at *10 (D. Colo. Jan. 28, 2011), and *Blough v. Rural Elec. Coop, Inc.*, 689 F. App'x 583, 585 (10th Cir. 2017), that Plaintiff's ADA claim should be dismissed because she fails to set forth facts that supporting her allegations that Defendant regarded her as disabled, and she fails to articulate her specific mental disability and what major life activities are affected by such disability.

In *Twitchell*, the plaintiff alleged that she had serious chronic orthopedic and neurological conditions and a preexisting serious orthopedic condition. *Twitchell*, 2011 WL 318827, at *10. The court determined, however, that the plaintiff failed to allege any facts suggesting that the impairments substantially limited any of her major life activities. *Id.* Here, however, Plaintiff does allege that she has a permanent mental impairment that substantially limits one or more major life activities. (Compl. at 4.)

In *Blough*, the plaintiff's sole allegations were "Defendant violated the Americans with Disabilities Act of 1990 (the 'ADA') by failing to provide employment to a position he was qualified to perform, based solely on his disability." The Court found that the plaintiff's "conclusory allegations . . . [were] only 'unadorned, the-defendant-unlawfully-harmed-me accusation[s],' which the Supreme Court rejected as insufficient pleading in *Iqbal*. Again, however, in this case Plaintiff has pleaded more than the defendant in *Blough*.

Here, Plaintiff alleges that she had a mental impairment of which the defendant was aware and that such impairment constitutes a disability under the ADA. Though Plaintiff must

6

ultimately prove with precision the impairment alleged and the major life activity affected by that impairment to prevail on her ADA claim, *Poindexter*, 168 F.3d at 1232, her allegations regarding disability are sufficient at this stage. *Hughes v. Colorado Dep't of Corr.*, 594 F. Supp. 2d 1226, 1240 (D. Colo. 2009) (citing *Equal Employment Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001); *Swierkiewicz*, 534 U.S. at 510).

### B.  *Allegations Regarding Failure to Promote Because of Disability*

To prevail on her ADA claim, Plaintiff must demonstrate that Defendant failed to promote her "because of" her disability. *See* 42 U.S.C. § 12112(a)–(b)(1) (prohibiting discrimination "because of [an employee's] disability").

Defendant, citing *Gupta v. Okla. City Pub. Sch.*, No. CIV–18–317–G, 2019 WL 896295, at *3 (W.D. Okla. Feb. 22, 2019), argues that Plaintiff has not pleaded sufficient factual allegations that she was not promoted because of her disability. (Mot. at 6–7.) Defendant contends the *Gupta* court considered "an identical issue." (*Id.* at 6.) The court disagrees. In *Gupta*, the plaintiff alleged that he

> "was terminated under suspicious circumstances[,] which give rise to an inference of [d]iscrimination"—specifically:
> • the District did not verify the "authenticity, credibility[,] and reliability" of student complaints against Mr. Gupta;
> • the District did not investigate the student complaints in accordance with its own procedures;
> • the student complaints against Mr. Gupta "were implausible for a classroom setting";
> • Mr. Gupta "was not informed . . . of what the student complaints were";
> • Mr. Gupta was "not . . . adequately notified of [the] proceedings against him";
> • Mr. Gupta was "not . . . given the opportunity to be effectively heard";
> • termination proceedings were not "conducted and decided by an impartial tribunal";
> • the District ignored Mr. Gupta's "requests to conduct [a] thorough inquiry";
> • the District gave "preferential partial treatment ... to students of a particular race and age"; and

7

- the District "provid[ed] inconsistent [and] shifting explanations" for terminating Mr. Gupta.

*Gupta*, 2019 WL 896295, at *3 (alterations in original). The court held that the plaintiff's allegations did not plausibly show the defendant's conduct was discriminatory, as "none of the allegations permit a reasonable inference that [the plaintiff] was terminated because of his disability, age, race, religion, or national origin." *Id.*

Here, however, Plaintiff very clearly alleges that the defendant failed to hire her based on her disability. (Compl. at 3.) As noted, at this preliminary stage of the litigation, the burden is on the plaintiff to adequately plead, not prove, her claim. The complaint provides Defendant with fair notice of Plaintiff's claim and the grounds upon which it rests. Whether that claim has any merit is a determination to be made another day, after a more developed factual record.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that the "Motion to Dismiss" (Doc. No. 15) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of August, 2020.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge