IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 19–cv–01533–MDB

PATRICIA HERNANDEZ,

      Plaintiff,

v.

PUEBLO COUNTY, DHS,

      Defendant.

---

## ORDER

This matter comes before the Court on *pro se* Plaintiff's "Opposed Motion for Relief from Final Judgement [*sic*] Order." ["Motion"] (Doc. No. 63.) Defendant filed a Response to Plaintiff's Motion. (Doc. No 65.) Upon consideration of the Motion and associated briefings, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court **DENIES** the Motion.

## BACKGROUND

Plaintiff, proceeding *pro se*, brought this action asserting "failure to hire" and "different terms and conditions of employment" claims pursuant to the Americans with Disabilities Act ["ADA"], as amended 43 U.S.C. §§ 12101, *et seq.* (Doc. No. 1.) Plaintiff alleged that Defendant Pueblo County, DHS ["the County"] discriminated against her on the basis of her disability, a permanent mental impairment that substantially limits one or more major life activities. (*Id.* at 4.) Plaintiff alleged that, though she was qualified and the only applicant, she was not hired for a

Legal Technician position with the County's Child Support Division. (*Id.*) For its part, the County contended that Plaintiff was not qualified for the position as she had not demonstrated proficiency in Microsoft Word 2010, a program for which the County requires applicants and transfers to pass an aptitude test. (Doc. No. 41 at 2.) The County alleged that Plaintiff had failed to take a proficiency examination after being invited to do so. (*Id.*)

On September 1, 2021, Magistrate Judge Kathleen M. Tafoya granted the County's Motion for Summary Judgment, finding that Plaintiff could not satisfy the second and third elements of an ADA claim—(a) that she was qualified to perform the Legal Technician position and (b) that the County's failure to hire her gave rise to an inference that the decision was based on her disability. (Doc. No. 48 at 6–9, 9–10.) On September 20, 2021, Plaintiff appealed the Court's Summary Judgment Order, but she voluntarily dismissed her appeal October 22, 2021. (Doc No. 50; Doc. No. 61.) Then on December 1, 2021, Plaintiff filed this Motion seeking relief from the Court's summary judgment decision. (Doc. No. 63.)

In the Motion, Plaintiff appears to cite three different Rule 60(b) provisions as the basis for granting her relief from the Summary Judgment Order. (Doc. No. 63.) Plaintiff claims that she made two errors which qualify as inadvertent mistakes under 60(b)(1) (*id.* at 3–4), that new evidence has been discovered under 60(b)(2) (*id.* at 9–11), and that Defendant's counsel committed misconduct and misrepresented themselves under 60(b)(3). (*Id.* at 4–9).[1]

---

[1] Plaintiff makes three additional arguments that are not grounds for relief under Rule 60(b). First, in the argument labeled number seven, Plaintiff contends that the award of costs to Defendant as the prevailing party is unfair "considering their misconduct and misrepresentation in these proceedings." (Doc. No. 63 at 11.) The Court considers Plaintiff's allegation of misconduct and misrepresentation as part of its Rule 60(b) analysis, (*See infra* at 11–15) however, the reference to costs does not have a bearing on the analysis. Additionally, the Court notes Defendant's contention that the County "has never sought" to collect the awarded costs.

## STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party …." Fed. R. Civ. P. 60(b)(1)–(3). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted); *Morales v. Jones*, 480 F. App'x 898, 901 (10th Cir. 2012) ("Rule 60(b)(6) relief is ... difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed [by the Tenth Circuit] only if [the Court] find[s] a complete absence of a reasonable basis and [is] certain that the decision is wrong." (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotations, citations, and ellipses omitted))). A "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146

---

(Doc. No. 65 at 8.) Second, in arguments eight and nine, Plaintiff asserts that (8) the Court erred in its summary judgment finding of facts and (9) that the Court erred in granting summary judgment because genuine issues of material fact still existed. (*Id.* at 11– 13.) These are arguments Plaintiff could have raised on appeal. *See Johnson v. Dalton*, 20-cv-00435-PAB-MEH, 2021 WL 4775271, at *1 (D. Colo. October 13, 2021) ("[A] Rule 60(b) motion should not be treated as a substitute for an appeal." (citing *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005))); *see also F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) ("[Rule 60(b) may not be used to] reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." (quotation omitted)).

(10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule

60(b). *Id.*

Because Plaintiff is a *pro se* litigant, the Court construes her Motion and related briefing

liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v.*

*United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, the Court will

not "take on the responsibility of serving as her attorney in constructing arguments and searching

the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

(quoting *Hall,* 935 F.2d at 1110) (alteration omitted). Plaintiff's *pro se* status does not entitle her

to the application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

### I.      Rule 60(b)(1)—Mistake

Under Rule 60(b)(1), a litigant may seek relief from judgment based on "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). "Rule 60(b)(1) motions

premised upon mistake are intended to provide relief to a party in only two instances: (1) when

the party has made an excusable litigation mistake or an attorney in the litigation has acted

without authority; or (2) when the judge has made a substantive mistake of law or fact in the

final judgment or order." *Yapp v. Excel Corp*, 186 F.3d 1222, 1231 (10th Cir. 1999). A

"mistake," as referred to by Rule 60(b)(1), refers to an error "that a party *could not have*

*protected against.*" *Id.* (emphasis added) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572,

577 (10th Cir. 1996)). "[A] party who simply misunderstands or fails to predict the legal

consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to

undo those mistakes. *Id.* "Carelessness by a litigant … does not afford a basis for relief under Rule 60(b)(1)" *Pelican Prod. Corp.*, 893 F.2d at 1146.

Here, Plaintiff alleges two mistakes she says warrant an order relieving her from judgment: (1) her belief that her responses to Defendant's interrogatories were sufficient to establish a genuine factual dispute requiring trial, and (2) her "inadvertent" mistake of not checking the "failure to accommodate disability" box in her Amended Complaint.[2] (Doc. No. 63 at 3–4.) Neither alleged mistake is sufficient to grant Plaintiff's Rule 60(b) motion.

### a) *Plaintiff's mistaken belief that interrogatory responses were sufficient to survive summary judgment*

Plaintiff says she "was not aware that she couldn't use her own interrogatory responses to Pueblo County" to create an issue of material fact. (*Id.* at 3.) She further states that she "made and honest mistake [in] believe[ing that] her response to Pueblo County['s] first set of [d]iscovery was admissible." (*Id.*) And that she "was not aware that she needed to include her sworn testimony under penalty [of] perjury." (*Id.*) Plaintiff argues that in light of this error and her *pro se* status, she should be granted relief from judgment pursuant to Rule 60(b)(1). (*Id.* 3–4.)

In *Southwest Bell Yellow Pages, Inc. v. Niksch*, the plaintiff was awarded default judgment after the *pro se* defendant failed to respond to the court's minute order seeking

---

[2] In employment discrimination cases brought by a *pro se* plaintiff, the plaintiff is directed to use a court-approved "Employment Discrimination Complaint" form. This form includes a "Statement of Claims" section where the plaintiff is required to "check all [claims] that apply." One possible claim listed in this section is a "failure to accommodate disability" claim. In the operative Complaint, Plaintiff checked the "failure to hire" and "different terms and conditions of employment" claims but did not check the "failure to accommodate disability" claim. (Doc. No. 9 at 3.) As such, Judge Tafoya did not consider a failure to accommodate claim in the Summary Judgment Order. (Doc. No. 48 at 7–8.)

argument as to why it should refrain from granting the motion. 2009 WL 1856208, at *1 (W.D. Okla. June 26, 2009). There, the defendant was of the mistaken belief that his earlier, untimely answer to the complaint was a sufficient response to the minute order in question. *Id.* The defendant moved for relief pursuant to Rule 60(b)(1), arguing that his *pro se* status and ignorance of court rules and procedures entitled him to a finding of excusable mistake. *Id.* at *2. However, the court denied the motion finding that the defendant's failure to respond was not the sort of mistake he "could not have protected against" as required under the 10th Circuit's interpretation of Rule 60(b)(1). *Id.* ("[T]he Court finds that defendant's mistaken belief that his answer constituted a response … does not constitute the type of mistake which this Court finds is excusable under Rule 60(b)(1)."); *Yapp*, 186 F.3d at 1231.

Similarly here, Plaintiff mistakenly believed that her responses to interrogatories were sufficient to defeat the summary judgment motion. And like the court in *Niksch*, this Court cannot say that a party's misunderstanding of the procedural rules of litigation constitutes the type of mistake contemplated by Rule 60(b)(1)—even in the case of a party acting *pro se*. *See Niksch*, 2009 WL 1856208 at *2 ("[A] party who simply misunderstands … the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes.") (quoting *Yapp*, 186 F.3d at 1231); *see also Handy v. City of Sheridan*, 12-cv-01015-WYD-KMT, 2015 WL 428380, at *2 (D. Colo. Jan. 30, 2015) ("[A] parties *pro se* status does not afford a basis for relief under Rule 60(b)(1).") (citing *Andrews v. Colorado*, 2009 WL 3271177, at *2 (D. Colo. Oct. 9, 2009)). As a *pro se* litigant, Plaintiff is afforded some leniency in prosecuting her claims, but she is not "excuse[d] [from] the obligation of any litigant

to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan City*, 32 F.3d 1444, 1148 (10th Cir. 1994).

Additionally, it is unclear whether any affidavit could have defeated Defendant's summary judgment arguments. As Judge Tafoya noted in her Order, Plaintiff "failed to depose even a single representative or witness of the County and … disclosed nothing in discovery that would raise even the specter that her lack of transfer was due to anything other than her failure to test." (Doc. No. 41 at 7.) While the Court will not analyze Plaintiff's hypothetical affidavit, it notes that its effect on the summary judgment analysis may have been minimal. As such, Plaintiff's mistaken beliefs concerning interrogatory responses, and any failure to submit a sworn statement in opposition to the summary judgment, is not grounds for relief under Rule 60(b)(1).

**b) *Plaintiff's alleged mistake in not checking the "failure to accommodate disability" box***

Plaintiff says she "inadvertently made a mistake when she failed to check the choice of 'failure to accommodate disability'" on her operative Complaint, the Second Amended Complaint. (Doc. No 63 at 4; Doc. No. 9). Plaintiff says the "complexity" of amending her Complaint caused her to make the mistake,[3] and argues that in light of this alleged error, she should be granted relief from judgment pursuant to Rule 60(b)(1). (Doc. No. 63 at 4.)

For the sake of argument, the Court will assume that Plaintiff indeed made a mistake in not checking the failure to accommodate box—rather than this being a conscious

---

[3] Plaintiff appears to claim that she checked the "failure to accommodate" box in her First Amended Complaint (Doc. No. 6) and in her initial Complaint (Doc. No. 1), making her error in the operative Complaint plainly apparent. However, the Court's review found that while Plaintiff did check the failure to accommodate box in the initial Complaint, she did not do so in her First or Second Amended Complaints. (Doc. No. 6; Doc. No. 9.)

strategic choice.[4] However, even when viewed in this favorable light, Plaintiff's mistake rings

far more in "carelessness" than in unavoidable error under Rule 60(b)(1). *See Pelican Prod.*

*Corp.* 893 F.2d at 1146 (finding that carelessness is not an error that triggers relief under Rule

60(b)(1)); *See, e.g.*, *Smith v. Sprint/United Management Company*, 2017 WL 4469110 (D. Colo.

Oct. 7, 2017) (denying Rule 60(b)(1) relief sought by a *pro se* litigant who unintentionally

submitted a response to a summary judgment motion that was missing certain pages). For

Plaintiff to be afforded relief from judgment on this basis, she must contend that, though she

checked the immediately adjacent "failure to hire" and "different terms and conditions of

employment" boxes on her complaint, her error in not checking the "failure to accommodate"

box was a mistake she "*could not have protected against*." *Yapp*, 186 F.3d at 1231 (emphasis

added).

What's more, Plaintiff had time and opportunity to realize the alleged mistake when she

filed her Second Amended Complaint, *and after* she filed her Second Amended Complaint, at

which point she could have sought further amendment. Plaintiff's failure to discover, or her

discovery and failure to correct, also counsels against granting relief under Rule 60(b)(1). *See*

*Builder MT LLC v. Zyertech Const. Software Services, Ltd.* 2008 WL 5246166, at *2 (D. Colo.

Dec. 16, 2008) ("The court may consider, however, whether the mistake was a single

unintentional incident and whether the [party] attempted to correct [her] action promptly after

discovering the mistake.").

---

[4] A deliberate litigation strategy that fails cannot afford a basis for relief under Rule 60(b)(1). *See*
*Yapp*, 186 F.3d at 1231 ("Excusable litigation mistakes are not those which were the result of a
deliberate and counseled decision by the complaining party.").

For these reasons, the Court concludes that Plaintiff has not established "mistake, inadvertence, surprise, or excusable neglect" sufficient to warrant relief from judgment under Fed. R. Civ. P. 60(b)(1).

## II.    Rule 60(b)(2)—New Evidence

Under Rule 60(b)(2), a litigant may seek relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

> To prevail on such a motion, the movant must show that (1) the evidence is newly discovered, (2) the movant was diligent in discovering the evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence would have been material, and (5) the evidence probably would have produced a different a result.

*McCleland v. Raemisch*, 2022 WL 1593414, at *2 (10th Cir. May 20, 2022) (citing *Wolfgang v. Mid-Am. Motorsports, Inc.*, 111 F.3d 1515, 1529 (10th Cir. 1997)). Here, Plaintiff claims that there are two new pieces of "evidence" which support relief from judgment under Rule 60(b)(2).

First, Plaintiff notes the resignation of former Pueblo County DHS director Tim Hart in May 2021. (Doc. No. 63 at 9, Ex. D.) Plaintiff alleges that Mr. Hart resigned due to "systemic failures in not following his own departments [*sic*] policies and procedures." (Doc. No. 63 at 9.) Plaintiff goes on to assert that Mr. Hart's resignation is evidence that his declaration in support of the County's Summary Judgment Motion was "false" and "made in bad faith,"[5] and further contends that Mr. Hart was deeply involved in the decision not to hire her. (*Id.*; *see* Doc. No. 41 Ex. E.)

---

[5] In support of the Motion for Summary Judgment, Mr. Hart declared, in part, "the County uniformly requires all applicants and lateral transfers to have passed a test for and demonstrate proficiency in Microsoft Word 2010 and basic office skills." (Doc. No. 41, Ex E.)

However, this information does not appear "material" under prong four, nor would it be likely to produce "a different result" under prong five. *McCleland*, 2022 WL 1593414, at \*2. As DHS director, Mr. Hart was not directly involved in the hiring process for the Legal Technician position. (*See* Doc. No. 41 Ex B, C (showing the County employees handling Plaintiff's application).) Additionally, Mr. Hart's involvement in this matter was simply to affirm the County's contention that passing a test demonstrating proficiency in Microsoft Word 2010 was a requirement for "all applicants and lateral transfers." (Doc. No. 41, Ex E.) In support of her argument, Plaintiff attached a news story reporting Mr. Hart's resignation. (Doc. No. 63 Ex D.) However, other than referring to "ongoing reporting on systemic issues in the Pueblo County DHS system," the article does not specify any problems prompting Mr. Hart's resignation. (*Id.*) Further, Plaintiff's Motion makes no direct connection between Mr. Hart's resignation and her lawsuit other than to hazily allege that the two things are associated. (*See id.* at 9–11.) The Court has not been presented a reason to conclude that his resignation is material to the Motion or the case.

Second, Plaintiff claims that "Defendant's [*sic*] moved for Summary Judgment prematurely not allowing Ms. Hernandez time to collect needed documentation from co-workers." (Doc. No. 63 at 10.) She also asserts that after the County was awarded summary judgment, she learned that multiple former co-workers were not required to take a test demonstrating their Microsoft Word aptitude before starting as Legal Technicians. (Doc. No. 63 at 10, Ex C.) Plaintiff's argument appears to be based on a single Facebook message where an apparent former co-worker stated, "I did not have to test when I initially applied for [the] child support [job]. I am not sure if they use the one on file if you are not currently employed with

DHS." (Doc. No. 63 Ex. C.) This is not evidence of "multiple former co-workers," and the comment appears caveated by uncertainty.

Additionally, the former co-worker's Facebook message regarding the Microsoft Word proficiency requirement does not satisfy the Tenth Circuit's 60(b)(2) test. As an initial matter, it cannot be said that Plaintiff was "diligent" in discovering this evidence under the prong two. *McCleland*, 2022 WL 1593414 at *2 (requiring that a movant show they were "diligent in discovering the evidence[.]"). Over a year passed between the filing of Plaintiff's operative complaint and the County's Summary Judgment Motion, giving Plaintiff a substantial amount of time to canvas her co-workers for their personal experiences with the County's hiring practice or to engage in formal discovery on the issue. Further, the message presented by Plaintiff is not likely to produce a "different result" under prong five. *Id.* (requiring that a movant show "the evidence probably would have produced a different a result."). Though Plaintiff's ex-coworker appears to say she did not have to take a Microsoft Word 2010 test immediately prior to getting a job with the Child Support Division, the message does not establish whether the co-worker had a previous test on file, and if so, when this test was taken—facts crucial to the significance of this new "evidence."[6]

In short, neither of Plaintiff's allegedly "new" information is sufficient to afford Plaintiff relief from the judgment under the Tenth Circuit's Rule 60(b)(2) test.

### III.     Rule 60(b)(3)—Misrepresentation, Misconduct, and Fraud

---

[6] Indeed, the ex-coworker's message appears to suggest that a previous test that is still on file can be used to satisfy the testing requirement. This is consistent with evidence presented by Defendant in their summary judgment motion. (Doc. No. 41 Ex B ("If you have completed the test previously (within the last 12 months) and do not wish to retest, please have the testing center email your test results to me.").)

Finally, under Rule 60(b)(3), a litigant may seek relief from judgment based on "fraud … misrepresentation, or misconduct by an opposing party." "The party relying on Rule 60(b)(3) 'must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation.'" *McCleland*, 2022 WL 1593414, at *3 (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)). "[T]he challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Zurich N. Am.*, 426 F.3d at 1281. "The movant must show that the adverse party 'acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme.'" *McCleland*, 2022 WL 1593414, at *3 (quoting *Yapp*, 186 F.3d at 1231).

Here, Plaintiff makes various allegations of misconduct and misrepresentation. Though difficult to follow and interpret, the Court construes the following allegations: (1) the County prematurely filed for summary judgment, giving Plaintiff insufficient time to review discovery and respond to the motion; (2) the County was uncooperative in Plaintiff's attempts to get access to "invite to test emails" related to Microsoft Word exams for other County employees and applicants; (3) the County "misrepresented" Plaintiff's failure to participate in an ADA meeting; and (4) the County "misrepresented" Plaintiff's failure to sit for the Microsoft Word 2010 proficiency exam. (Doc. No. 63 at 4–8.)

As to the first allegation, Plaintiff has put forward no evidence that she was prejudiced by the timing of the County's summary judgment motion, let alone that the County's counsel engaged in misconduct by filing the motion when it did. The County filed its Motion on August 31, 2020, in accordance with the operative Scheduling Order, which set August 24, 2020, as the deadline to complete discovery and September 1, 2020, as the deadline for dispositive motions.

(Doc No. 32; Doc. No.37.) Further, in light of her representation that she needed additional time, Plaintiff was given leave to file a delayed response by November 5, 2020, over two months after the County's summary judgment motion was filed. (Doc No. 44.) The timeline was in accordance with the Court's schedule and is not evidence of misconduct by Defendant.[7]

Second, regarding Plaintiff's difficulties obtaining "invite to test emails" from the County, Plaintiff has submitted multiple email chains with Defendant's counsel on the subject, beginning September 3, 2020. Early in the exchange, Defendant's counsel acknowledged a problem retrieving the "invite to test emails," saying it may have to consult with its outside vendor. (Doc. No. 63 Ex A.) Through September 2020, Plaintiff initiated two other email conversations, in which Defendant's counsel continued to maintain that they had not yet been able to obtain any invite to test emails (*Id.*) The final email submitted by Plaintiff is dated October 1, 2020. In it, Defendant's counsel tells Plaintiff he has "additional documents" to share with Plaintiff but he does not specify whether these are the "invite to test emails." Plaintiff requested. (*Id.*) Plaintiff maintains that she did not receive any "invite to test emails" from Defendant. (Doc. No. 63 at 6.) However, in Plaintiff's response to the summary judgment motion, Exhibit 2 appears to include five "invite to test emails"[8]—ostensibly obtained from

---

[7] Plaintiff also appears to allege that she was not made aware of Mr. Hart's affidavit supporting the summary judgment motion (Doc. No 41 Ex E) until August 28, 2020, four days after the deadline for discovery—an issue not raised in her summary judgment response. (Doc. No. 63 at 6; *see generally* Doc. No. 46.) While litigants are always subject to the deadlines set by a court, this does not rise to the level of misconduct considered by Rule 60(b)(3). *See Welch v. Centex Home Equity Co., L.L.C.*, 224 F.R.D. 490, 495 (D. Kan. 2004) (saying that "any discovery misconduct" must "substantially interfere[ ] with plaintiff's ability to present her case" to make Rule 60(b)(3) applicable).

[8] The Court notes that these invitations appear limited to external applicants. (Doc. No. 46-2.)

Defendant in discovery—though only a fraction of the invitations she requested. (Doc. No. 46-2; Doc. No. 46-6 (listing and seeking approximately 25 "invite to test emails").)

The exchange and information Plaintiff submits with this Motion portray a run-of-the-mill discovery dispute where Plaintiff persistently tried to obtain documents she believed relevant to her case, while Defendant—apparently in good faith—conceded that they were struggling to locate the documentation, but indicated it indeed wished to share it. If Plaintiff had so chosen, she could have filed a motion with the Court seeking to address the dispute. However, the only bit of evidence in the record suggesting that Plaintiff informed the Court of this discovery issue came in her September 10, 2020, Motion for an Extension of Time to Submit a Response to Pueblo County's Motion for Summary Judgment" where she vaguely reported, "Plaintiff is currently conferring with [D]efendants [*sic*] in accordance with D.C.COLO.LCivR 7.1(a) in an attempt to resolve discovery related issues. The discovery in dispute may more than likely be needed in [P]laintiff's [R]esponse to [D]efendant's Motion for Summary Judgment." (Doc. No. 43.) Judge Tafoya granted Plaintiff's motion and reminded the parties that, to the extent discovery disputes were ongoing, "the parties must comply with this court's informal discovery procedures." (Doc. No. 44.) However, the record does not indicate that the Court was engaged further on this issue.

Although it appears that Plaintiff did not receive all the testing invitations she sought, there is no evidence that this issue is connected with a deliberate and careful County "scheme" to defraud or misrepresent, nor a violation of a Court order. As such, Defendant's apparent failure to provide some invite to test emails do not rise to the level of wrongdoing or bad faith required by Rule 60(b)(3). *See Nero v. American Family Mut. Ins. Co.*, 11-cv-02717-PAB-MJW, 2013

WL 5323147, at *4 (D. Colo. Sept. 23, 2013) ("[B]ecause there was no order to compel

production of the documents and there is no direct evidence that defendant intentionally failed to

comply with its discovery obligations, the Court finds that plaintiff is not entitled to relief

pursuant to Rule 60(b)(3)." (citing *Yapp*, 186 F.3d at 1232)); *see also Zurich North America*, 426

F.3d at 1292 ("The proper remedy for any perceived violation of discovery is to seek redress

under Rule 37(a)(2), not to wait until after summary judgment and file a Rule 60(b)(3)

motion."); *Miller v. Baker Implement Co.*, 439 F.3d 407, 410, 414 (8th Cir. 2006) (affirming the

denial of Rule 60(b)(3) relief when the movant "failed to avail himself of available discovery

remedies before the district court issued its order").

　　　　Finally, evidentiary exhibits submitted to the Court at the summary judgment phase

refute Plaintiff's allegations that the County misrepresented her failure to participate in an ADA

meeting and to sit for the Microsoft Word exam. (*See* Doc. No. 41 Ex C (showing an email chain

between County employees discussing Plaintiff's failure to sit for the examination), Ex D

(showing Plaintiff's admission that she failed to sit for the Microsoft Word examination); Doc.

No. 46-11 (showing a letter to Plaintiff from the Pueblo County Attorney saying that Plaintiff

failed to participate in the ADA interactive process by failing to appear at a scheduled ADA

meeting).) Thus, even if Plaintiff had presented some evidence to contradict the record—which

she has not done—it appears the County had good reason to believe Plaintiff did not participate

in the ADA meeting and did not sit for the proficiency exam, and Plaintiff has not shown that the

County "acted with an intent to deceive or defraud the court, by means of a deliberately planned

and carefully executed scheme." *McCleland*, 2022 WL 1593414, at *3. Plaintiff's failure to

"clearly substantiate" her claim of fraud, misconduct, or misrepresentation with "adequate

proof," is fatal to her Rule 60(b)(3) claim. For these reasons, Plaintiff's "Opposed Motion for Relief from Final Judgement [sic] Order." (Doc. No. 63) is **DENIED**.

       Dated this 26th day of September, 2022.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge